IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:11-cr-60131-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| RONALD D. JOLING, and<br>DOROTHEA J. JOLING, | |
| Defendants. | |

AIKEN, Chief Judge:

Defendants, Ronald and Dorothea Joling, moved for a new trial pursuant to Fed. R. Crim. P. 33(a) arguing that the court made several erroneous evidentiary rulings and prejudiced their right to a fair trial.

Rule 33 provides that a court may grant a defendant a new trial where the interests of justice so require. The district court need not view the evidence in a light most favorable to the verdict. United States v. A. Lanoy Alston, D.M.D., P.C., 974 F.2d

1 - OPINION AND ORDER

1206, 1211 (9th Cir. 1992). Rather, if the court concludes that the evidence weighs sufficiently against the verdict such that it could be a serious miscarriage of justice to let it stand, the court may grant a new trial to defendants. Id. at 1211-12. The district court has broad discretion to grant a new trial where appropriate. Id. at 1211.

Defendants argue that the court erred in four respects. Specifically, defendants argue the court erred by admitting Government Exhibits 181, 185, 186, and 187 into evidence, and by improperly excluding Defense Exhibits 319, 320, 320A, 321, and 321A. Additionally, defendant Dorothea Joling asserts that her conviction was contrary to the weight of evidence against her. I find that the evidentiary rulings were not erroneous and that Ms. Joling's conviction was not contrary to the weight of evidence. Therefore, I find that the interests of justice do not require granting defendants' motion for a new trial.

Exhibit 181 is a document detailing frivolous arguments made by tax protestors, and Exhibits 185-87 contain evidence of security liens filed by defendants against several federal officials with the California Secretary of State. Defendants argue that these exhibits were irrelevant, and if they were relevant, that their probative value was substantially outweighed by unfair prejudice to defendants, confusion to the jury, and waste of time.

Generally, relevant evidence is admissible. Fed. R. Evid. 402. Rule 401 provides that relevant evidence will tend to make a fact "more or less probable than it would be without the evidence." Furthermore, the court may exclude relevant evidence where "its probative value is substantially outweighed" by risk of prejudice, confusion, or wasting time. Fed. R. Evid. 403.

The four exhibits at issue were all relevant. Exhibit 181 contained some of the frivolous defenses defendants asserted in avoidance of paying federal income taxes. The document contained some sixty pages of case law and notes of decisions detailing various frivolous tax arguments and associated penalties, and Ronald Joling testified he had read this publication at some time while forming his beliefs. Gov't Ex. A at 85-86. It was relevant to show defendants' state of mind as to their actions. I do not find that its probative value is outweighed by unfair prejudice, confusion, or a waste of time, as this exhibit was merely one piece of significant evidence presented against defendants.

Likewise, Exhibits 185, 186, and 187 were properly admitted into evidence. These documents presented evidence of liens defendants filed against various government officials involved in this case. Exhibit 185 is a transcript from a hearing with Magistrate Judge Thomas M. Coffin, in which the court instructed defendants not to take action that would violate federal law, including filing security liens against government officials.

3 - OPINION AND ORDER

Nevertheless, defendants did just that, as shown by Exhibits 186 and 187. The evidence was relevant to show defendants' state of mind and intent regarding federal laws. "Evidence of a person's philosophy, motivation and activities as a tax protestor is relevant and material to the issue of intent." United States v. Reed, 670 F.2d 622, 623 (5th Cir. 1982). The probative value of these exhibits outweighed any risk of unfair prejudice, confusion, or wasting time.

Furthermore, defendants did not object to the admission of these exhibits at trial. Where a defendant does not object to a potential error by a district court, it is reviewed for plain error. United States v. Joseph, 716 F.3d 1273 (9th Cir. 2013). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" Id. (citation omitted). Here, I do not find that admitting Exhibits 185-87 constitutes plain error affecting defendants' substantial rights, because the evidence was relevant to the charges against defendants.

Defendants also assert that the court erred by improperly excluding Defendant's Exhibits 319, 320, 320A, 321, and 321A from evidence. Defendant's Exhibit 319 is a document entitled "Appointment of de jure Grand Jury Marshals by the Grand Jury." Defendants argue that Mr. Joling relied upon this document when he attempted to gain Tracy Corona's release from federal prison in 2010, and therefore, is relevant to show his good faith belief in

4 - OPINION AND ORDER

the lawfulness of his actions. I disagree. This exhibit was properly excluded because it contained impermissible hearsay and pseudo-law. Furthermore, this document is not relevant to the charges brought against defendants; it does not pertain to their charges, but to the incarceration of their daughter.

Defendant's Exhibits 320, 320A, 321, and 321A were recorded phone calls, and transcripts of those calls, between defendants and Ms. Corona. Similarly, these exhibits were properly excluded because they contained hearsay testimony, and also, because the evidence was cumulative. Ms. Corona testified at trial about these phone calls, and therefore, the evidence was cumulative of evidence already presented by defendants. See Fed. R. Evid. 403.

Furthermore, even if the exclusion of this evidence was error, the proper standard is whether this error is still supported by a "fair assurance" of harmlessness. United States v. Crosby, 75 F.3d 1343, 1349 (9th Cir. 1996). Here, the convictions were supported by the weight of the Government's evidence against defendants, and I find that the admission of these defense exhibits would not have affected the outcome. Therefore, even if this exclusion was error, I find the exclusion of these exhibits to be supported by a fair assurance of harmlessness.

Finally, I find that defendant Dorothea Joling's conviction was supported by the weight of the evidence against her. When analyzing a sufficiency of the evidence challenge, a court must (1)

5 - OPINION AND ORDER

consider the evidence presented at trial favorable to the verdict; and (2) determine whether the evidence is sufficient to allow the jury to find the essential elements proven beyond a reasonable doubt. <u>United States v. Nevils</u>, 598 F.3d 1158, 1163-64 (9th Cir. 2010).

In reviewing the evidence in the light favorable to the prosecution, I find that the evidence was sufficient to support the jury's verdict. The Government presented ample evidence to support defendant Dorothea Joling's activities with her husband to impede, impair, and obstruct the IRS's ability to collect and assess their federal income taxes, including concealing money from the IRS and filing false tax returns.

## CONCLUSION

For the reasons stated above, Defendants' motions for a new trial (docs. 194, 195) are DENIED.

DATED this 17th day of April, 2015.

_____
Ann Aiken
United States District Judge

6 - OPINION AND ORDER